UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MARCELLA SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-02-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GGNSC ADMINISTRATIVE SERVICES, | ) | **MEMORANDUM OPINION** |
| LLC, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of the Plaintiff Marcella Simpson's Motion to Remand this action for lack of subject matter jurisdiction. [Record No. 28] More specifically, Simpson asserts that diversity of citizenship does not exist because Simpson and Defendant Kara Meredith are both citizens of Kentucky. In response, the Defendants contend that removal was proper because Defendant Meredith has been fraudulently joined and because Simpson's Complaint raises questions of federal law. Having reviewed the parties' briefs and applicable law, the Court finds that the removal was proper under 28 U.S.C. § 1332, as Simpson has not presented a colorable claim against Meredith. Accordingly, the Motion to Remand will be denied.

**I.   Background**

Simpson initially filed her Complaint in Franklin Circuit Court on November 30, 2007, alleging claims for negligence and medical malpractice in connection with injuries she allegedly

sustained while a resident at Golden Livingcenter - Frankfort ("Golden"). The Defendants removed the action to this Court on January 9, 2008, claiming jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1331. Subsequently, on February 8, 2008, Simpson filed the motion to remand under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction due to the presence of the non-diverse Defendant, Kara Meredith.

It is undisputed that the only non-diverse Defendant in the action is Defendant Meredith, who has been sued in her capacity as Administrator of Golden. It is also undisputed that Simpson's causes of action against this Defendant are based on ordinary negligence and negligence per se as a result of acts which allegedly occurred while she was a resident at Golden. [*See* Record No. 29, p.3, Record No. 32, p.2] Simpson was admitted as a long-term resident at Golden on September 21, 2006, and remained in the facility through November 9, 2006.

In their Notice of Removal, the Defendants contend that the applicable statute of limitations bars Simpson's claims against Meredith because the Complaint was not filed until November 30, 2007. In response, Simpson filed a motion to amend her Complaint to state that she remained at the facility until *January 18, 2007*. The Defendants requested a hearing on the motion, claiming that they could conclusively show that Simpson left the facility on November 9, 2006, and the Court scheduled a hearing for March 18, 2008. However, on the morning of the hearing, Simpson filed a notice of withdrawal of the motion, and the Court subsequently denied her motion to amend.

    **II.**    **Discussion**

"Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court. In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). In determining whether diversity jurisdiction exists in a given case, the Supreme Court has "read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S. Ct. 606, 613 (2005) (*citing Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267 (1806)). "When the question is which of various parties before the court should be considered for determining whether there is complete diversity of citizenship, that question is generally answered by the application of the 'real party to the controversy' test." *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). Under the real party to the controversy test, a court may ignore the presence of non-diverse "nominal" or "formal" parties who are not "real parties in interest" for purposes of determining jurisdiction. *Id.* (citing *Salem Trust Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182, 190 (1924)).

Here, the Defendants contend that jurisdiction is proper because the only non-diverse Defendant has been fraudulently joined to the action. The burden of establishing fraudulent joinder is on the Defendants as the removing party. *Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 530 (6th Cir. 2007) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel*, LLC, 176 F.3d 904, 907 (6th Cir. 1999)). To succeed on a claim of fraudulent joinder, the Defendants must show that the fraudulently-joined party is not a real party to the controversy; that is, "that 'there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Id*. (quoting *Alexander v. Elec. Data Sys. Corp*., 13 F.3d 940 (6th Cir. 1994).

Despite the misnomer, fraudulent joinder does not require any showing of improper motive or fraud. *Id*. (citing Jerome-Duncan, Inc., 176 F.3d at 907). Rather, the relevant consideration is simply whether a valid cause of action has been stated against the allegedly fraudulently-joined party under the facts alleged. As the Sixth Circuit explained in *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999),

> the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

In the present case, the Plaintiff's claims against Meredith arise out of her duties as the Administrator at Golden. This Court has previously held that, under the Kentucky Court of

-4-

Appeals' decision in *Murphy v. EPI Corp.*, 2004 WL 405754, at *2 (Ky. Ct. App. Mar. 5, 2004), nursing homes and their administrators are subject to "potential liability" for "injuries sustained by residents under their care." *Lindsey v. Kentucky Medical Investors, Ltd.*, 2005 WL 2281607, at *5 (E.D. Ky. Sept. 19, 2005). In *Murphy*, the court applied the "universal duty of care" and held that hospital administrators owe a duty to exercise ordinary care and to prevent foreseeable harm.

However, like all negligence actions in Kentucky, a plaintiff's claims under the "universal duty of care" are subject to the one-year statute of limitations. KRS § 413.140. Because Simpson's Amended Complaint alleges that she last resided at Golden on November 9, 2006, she had one year from that date to file any claims against Defendant Meredith. [See Record No. 1, Att. 5] Simpson did not file her Complaint in Franklin Circuit until November 30, 2007. Thus, her claims are time-barred under Kentucky law.

Accordingly, because the Court finds that Simpson's claims against Meredith are barred by the applicable statute of limitations, her citizenship will be disregard for purposes of determining jurisdiction. *See Collett v. Freid*, 2004 WL 3103776, at *6 (E.D. Ky. July 15, 2004) (holding that removal was proper because the claims against the non-diverse defendant were barred by the applicable statute of limitations). And because there is no colorable basis for predicting that Simpson could prevail against the non-diverse Defendant, the Court concludes that the removal of this action was proper pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

### III.   Conclusion

For the reasons set out above, it is hereby

**ORDERED** that the Plaintiff's Motion to Remand this action to Franklin Circuit Court [Record No. 28] is **DENIED**. Additionally, the Defendants' Motion for Leave to File a Supplemental Response in Opposition to the Motion to Remand [Record No. 37] is **DENIED**, as moot.

This 20th day of March, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge